■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOWELL TELLERMAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 24, 1982, convicting him of four counts of conflict of interest, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. ¶ Indictment No. 3030R/81 charged defendant, a superintendent of operations for the car maintenance division of the New York City Transit Authority (Transit Authority), with four counts of conflict of interest (see Public Authorities Law, § 1211; New York City Charter, § 2604, subd b, par [1]; subd c, pars [1], [2]). Defendant allegedly sold an industrial cleaning product through a conduit to a contractor for use under its contract with the Transit Authority. ¶ The indictment alleged proper jurisdiction in Kings County by reason of the injured forum section of the Criminal Procedure Law (CPL 20.40, subd 2). The relevant portion of that provision confers jurisdiction over an offense to the courts of a county when: ¶ "Even though none of the conduct constituting such offense may have occurred within such county * * * ¶ "(c) Such conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein". ¶ The definition of "particular effect" within a county is provided by CPL 20.10 (subd 4): "When conduct constituting an offense produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction, or result in the defrauding of persons in such jurisdiction, such conduct and offense have a 'particular effect' upon such jurisdiction". ¶ At Criminal Term, defendant requested a charge on the statutory definition of "particular effect" and further moved to set aside the verdict "as contrary to the evidence and contrary to law". Both the request to charge and the motion should have been granted. The failure to charge on the meaning of "particular effect" permitted the jury to convict notwithstanding that the People failed to prove any "facts or circumstances" from which jurisdiction could be "fairly and reasonably inferred" (see *Matter of Steingut v Gold,* 42 NY2d 311, 316). ¶ None of the *conduct* constituting elements of the offenses charged occurred in Kings County, and defendant's *status* as a Transit Authority employee was insufficient to establish geographical jurisdiction in Kings County, notwithstanding

that the Transit Authority is headquartered there (see CPL 20.40, subd 1; cf. *People v de Roos,* 118 Misc 2d 445). ¶ The fact that the product was used in Kings County did not establish any "materially harmful impact" on community welfare because all the evidence indicated that the product performed well. In addition, the prosecutor failed to put any evidence before the jury that there was a materially harmful impact upon the governmental processes of Kings County, that defendant's conduct resulted in the defrauding of persons in such jurisdiction, or that the allegedly criminal activity was performed with the knowledge or intent that such a particular effect would occur in that county. ¶ "Indeed the nebulous nature of the impact claimed by the prosecutor in this case is best illustrated by the fact that the indictment itself does not even allege the effect which the purported crime would have on Kings County" *(Matter of Steingut v Gold, supra,* p 318). ¶ Accordingly, the prosecutor failed to establish that Kings County had the power to indict and prosecute this defendant. In light of our determination, we need not reach the additional issues raised by defendant. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.