16   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. McLAUGHLIN, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered December 9, 1986, which, after a jury trial, convicted defendant of two counts of grand larceny in the second degree (Penal Law former § 155.35), and one count each of forgery in the second degree (Penal Law § 170.10) and offering a false instrument for filing in the first and second degrees (Penal Law §§ 175.35, 175.30), and sentenced him to concurrent terms of six months in prison and four and one-half years on probation for the counts of grand larceny, forgery, and first degree false filing, and sixty days in prison and two years, ten months on probation for the count of second degree false filing, unanimously modified, on the law, to reverse the conviction for offering a false instrument in the first degree, vacate the sentence thereon, and dismiss said count, and otherwise affirmed.

Defendant, a now disbarred attorney, was indicted on August 20, 1985, and charged with sixteen counts, consisting of grand larceny in the second degree, forgery in the second

degree, offering a false instrument for filing in the first and second degrees, and violating the New York Tax Law. The charges stemmed from defendant's actions as trustee of trusts established by the well-known appliance manufacturer, Maytag, with his granddaughter, Ann L. Maytag, and her son, John C. Poulos, as beneficiaries. Among the acts which formed the basis for defendant's indictment and subsequent conviction were a double-billing scheme by which he obtained reimbursement for identical travel expenses from both trusts, the alteration of an airline ticket to increase its price upon submission as an expense to the Maytag trust, and a triple reimbursement scheme under which defendant obtained funds from the assets of a partnership he had formed with Maytag, as well as from the bank and through writing checks on Maytag's account.

On March 31, 1986, a second indictment, charging defendant with bribe receiving in the second degree, was filed. This charge arose in connection with defendant's acceptance of 10,000 shares of stock at a substantial discount, despite the existence of an obvious conflict of interest stemming from his former positions in New York City government. Defendant arranged for the purchase to be made in Maytag's name and later reaped a profit by claiming a $50,000 credit against the price of her Manhattan apartment.

Following a two-month trial commencing on June 18, 1986, in which the testimony of 45 witnesses was heard and hundreds of exhibits were received, defendant was convicted and sentenced as aforenoted. On appeal, he urges that his convictions for grand larceny and forgery must be reversed and those counts dismissed because the trial evidence failed to establish that venue was properly placed in New York County. Defendant further argues that the evidence failed to establish one instance of double-billing and was insufficient as a matter of law to prove his guilt of forgery in the second degree. Alternatively, defendant argues that his convictions of grand larceny and forgery should be reversed because of purported omissions and defects in the trial court's jury instructions and for alleged improprieties in the prosecutor's summation.

We have examined this record and conclude, as conceded by the People, that the trial evidence was insufficient as a matter of law to support Count Eleven, which charged offering a false instrument for filing in the first degree, because the alleged misrepresentation on his Report of Financial Interests, which consisted of the amount of defendant's capital gain on the sale

of a loft, could not be established without evidence of his cost basis in the property.

Upon our examination of the record, we further determine that defendant's remaining convictions should be affirmed. Defendant resided and worked in New York County at the time of the commission of his crimes, he deposited various funds connected with this case in a New York County bank, and the occurrence of other relevant events, such as the issuance of the airline tickets he altered, took place in New York County. In these circumstances, venue was properly placed in New York County (CPL 20.50), as it was "fairly and reasonably" inferable from the evidence *(Matter of Steingut v Gold,* 42 NY2d 311, 316; *People v Chaitin,* 94 AD2d 705, *affd* 61 NY2d 683), which established more than mere presence in New York County *(see, People v Tellerman,* 103 AD2d 786). In this context, we further note that the Court was not required to charge the jury that the prosecution had to establish jurisdiction beyond a reasonable doubt, since jurisdiction, which necessarily follows venue, is not an element of the crime.

We find no merit in defendant's claim that the Court erred in submitting both counts of larceny to the jury. Although defendant was entitled to reimbursement for his expenses from one source only, there was evidence that he improperly obtained reimbursement from the two trusts. We further hold that the proof in support of forgery in the second degree was legally sufficient. Although there was no testimony by a representative of the airline that defendant was not authorized to alter the price of the airline ticket from $355 to $858 prior to submitting it to Maytag's accountant for reimbursement, such proof was not required. The airline would have been unable to "authorize" a change in such circumstances. Moreover, even assuming, *arguendo,* that this proof was required, it was necessarily implied by the facts. *(See, United States v Sonnenberg,* 158 F2d 911, 914.)

We have examined the balance of defendant's claims and find them to be unpreserved as a matter of law, or lacking in merit. Concur—Milonas, J. P., Asch, Kassal and Rubin, JJ.