OPINION OF THE COURT
 

 Hancock, Jr., J.
 

 After a jury trial on a 16-count indictment, defendant was convicted of forgery and larceny for misconduct as the trustee of two trusts, and of filing false statements in a questionnaire submitted to the New York City Department of Investigation. In this opinion, we discuss one of his contentions on appeal which raises a significant question of first impression for our Court: i.e., when a defendant disputes the State’s territorial jurisdiction over the alleged offense, what burden of proof must the People meet to establish that conduct occurred within the State to satisfy the jurisdictional requirements of CPL 20.20? Is it proof beyond a reasonable doubt, as defendant argues; or, as the People would have it, the lesser burden of preponderance of the evidence required to establish venue in the proper county under CPL 20.40? We hold that when jurisdiction under CPL 20.20 is put in issue, the People must prove it beyond a reasonable doubt. Accordingly, as will be explained, there should be a new trial on three of the four counts before us on appeal.
 

 I
 

 The larceny and forgery counts (counts 5, 6 and 7) on which defendant was convicted stemmed from his actions as co-trustee of two trusts established by Ann L. Maytag, granddaughter of the founder of the Maytag appliance manufacturer — one for her benefit (the Maytag trust) and one for the benefit for her son, John C. Poulos (the Poulos trust). Among the acts giving rise to these convictions were the double-billing of travel expenses for reimbursement from both trusts for the same expenses (counts 5 and 6) and the alteration of the fare on an American Airlines passenger coupon (count 7). The jury also convicted defendant for offering a false instrument for filing in the first degree (count 11) and in the second degree (count 12) for misrepresentations concerning his income, property and debts on a financial disclosure filing with the City of New York. The jury acquitted defendant of all other counts.
 

 On appeal, the Appellate Division found that the evidence
 
 *470
 
 was insufficient to support a conviction on count 11, offering a false instrument for filing in the first degree and dismissed that count
 
 (People v McLaughlin,
 
 174 AD2d 418, 419-420). It affirmed the remaining convictions (counts 5, 6, 7 and 12) "[u]pan [its] examination of the record”
 
 (id.,
 
 at 420), finding that there was sufficient evidence to establish that "venue was properly placed in New York County”
 
 (id.,
 
 at 420). The Appellate Division rejected defendant’s contention that the trial court should not have submitted both counts of larceny for double billing to the jury — one count for the Maytag trust and one for the Poulos trust — holding that "there was evidence that [defendant] improperly obtained reimbursement from the two trusts”
 
 (id.,
 
 at 420).
 

 On our review of the record, we agree with the foregoing conclusions of the Appellate Division as well as with its rejection of the argument that the proof for the forgery count for altering the airline coupon was deficient because an airline representative was not called to testily. Further discussion of defendant’s arguments on these issues is unnecessary. In dismissing defendant’s argument that the court had committed error in its charge on the issue of territorial jurisdiction, however, the Appellate Division held "that the Court was not required to charge the jury that the prosecution had to establish jurisdiction beyond a reasonable doubt,
 
 since jurisdiction, which necessarily follows venue,
 
 is not an element of the crime”
 
 (id.,
 
 at 420 [emphasis added]). It is on this issue that we disagree. We hold that the People were required to establish jurisdiction under CPL 20.20 beyond a reasonable doubt.
 

 II
 

 Our analysis starts with the proposition that the basis of the State’s jurisdiction in criminal cases is the territorial principle derived from the common law
 
 (see, People v Merrill, 2
 
 Parker Cr Rep 590, 596-600 [NY Sup Ct 1855]; Perkins,
 
 The Territorial Principle in Criminal Law, 22
 
 Hastings LJ 1155, 1156-1157). The territorial principle, which is universally adopted in this country, has its origin in the traditional concept of criminal justice in the early English common law as being concerned primarily with keeping the King’s peace
 
 (id.,
 
 at 1157; 1 Blackstone, Commentaries 268 ["offenses (were) either against the King’s peace or his crown and dignity and (were) so laid in every indictment”]).
 

 
 *471
 
 The general rule in New York is that, for the State to have criminal jurisdiction, either the alleged conduct or some consequence of it must have occurred within the State
 
 (see,
 
 CPL 20.20;
 
 American Banana Co. v United Fruit Co.,
 
 213 US 347, 356). Jurisdiction in this sense is a question of the sovereign’s power to prosecute and punish an accused for conduct which is allegedly criminal. Because the State only has power to enact and enforce criminal laws within its territorial borders, there can be no criminal offense unless it has territorial jurisdiction
 
 (see,
 
 Restatement of Conflict of Law §§ 425, 428;
 
 Nielsen v Oregon,
 
 212 US 315).
 

 Venue, as distinguished from territorial jurisdiction, refers to the proper county or place of trial, not to the power of the court to hear and determine the case
 
 (see,
 
 CPL 20.40; 20 Am Jur 2d, Courts, §89). Thus — unlike territorial jurisdiction which goes to the very essence of the State’s power to prosecute and which may never be waived — questions relating only to the proper place for the trial are waivable
 
 (id.,
 
 § 89;
 
 see, People v Lowen,
 
 100 AD2d 518, 519;
 
 People v Ebron,
 
 116 Misc 2d 774, 777-778).
 

 The People concede that territorial jurisdiction is a "jurisprudential ’fundamental’ ”. They argue, nevertheless, that "it is not for that reason logically required that jurisdiction, any more than venue, be proved beyond a reasonable doubt”. We disagree. The distinct conceptual differences between venue and territorial jurisdiction and their different jurisprudential purposes make it virtually impossible to equate the two. Moreover, when measured in terms of the effect on the fundamental rights of the defendant, there is a marked contrast in importance between questions relating to territorial jurisdiction and venue. Whether any conduct has been committed which the State has the power to criminalize and for which it can commence prosecution against the defendant is certainly not commensurate with a question relating solely to the place within the State where the trial should take place.
 

 The People also argue that because the jury found that
 
 venue
 
 was properly laid in New York County under CPL 20.40 by a preponderance of the evidence it necessarily follows that
 
 territorial jurisdiction
 
 was established under CPL 20.20. The argument is pointless since the jury finding could, at most, establish territorial jurisdiction
 
 by a preponderance of the evidence,
 
 the very standard of proof which defendant challenges as insufficient. Nor are we persuaded by the contention
 
 *472
 
 that because territorial jurisdiction is not classified as an element of the crime which must be established beyond a reasonable doubt
 
 (see,
 
 CPL 70.10 [1]; 300.10), a lesser burden is appropriate. Jurisdiction concerns the power of the State to bring the criminal proceeding, not the factual elements of the crime which must be proven for a conviction. Ordinarily, jurisdiction is not put in issue. When the power of the State to try and convict the defendant is disputed, however, proof of that power is no less critical to a legal conviction than proof of the elements of the crime
 
 (see, People v McManus,
 
 67 NY2d 541;
 
 Mullaney v Wilbur,
 
 421 US 684). There is no reason why a different burden of proof should be required.
 

 Our holding that, unlike venue which may be established by a preponderance of the evidence
 
 (see, e.g., People v Ribowsky,
 
 77 NY2d 284, 291-292;
 
 People v Moore,
 
 46 NY2d 1, 6), territorial jurisdiction must be proven beyond a reasonable doubt is in accord with existing authority in this State
 
 (see, People v Mitchell,
 
 99 AD2d 609;
 
 People v Winley,
 
 105 Misc 2d 474) and with the prevailing authority
 
 *
 
 in other jurisdictions
 
 (see, e.g., State v Baldwin,
 
 305 A2d 555 [Me];
 
 see generally,
 
 Annotation,
 
 Necessity of Proving Venue or Territorial Jurisdiction of Criminal Offense Beyond Reasonable Doubt,
 
 67 ALR3d 988).
 

 Accordingly, there should be a new trial on counts 5, 6 and 7. If State territorial jurisdiction is put in issue during the new trial, the trial court should charge the jury that jurisdiction must be proven beyond a reasonable doubt. Because there is no dispute as to the State’s jurisdiction over count 12, the verdict on that count should be affirmed
 
 (see, People v Kitch
 
 
 *473
 

 ing,
 
 78 NY2d 532, 539, n 2). Finally, inasmuch as there will be a new trial, we note that the missing witness charge requested by defendant in regard to the People’s failure to call John Poulos as a witness should have been given by the court.
 

 The order of the Appellate Division should be modified in accordance with this opinion and, as so modified, affirmed.
 

 Acting Chief Judge Simons and Judges Kaye, Titone and Smith concur; Judge Bellacosa taking no part.
 

 Order modified in accordance with the opinion herein and, as so modified, affirmed.
 

 *
 

 Twenty-two jurisdictions hold that territorial jurisdiction must be proven beyond a reasonable doubt
 
 (see, e.g., Mayhall v State,
 
 22 Ala App 223, 114 So 361;
 
 Dewitt v State,
 
 306 Ark 559, 815 SW2d 942;
 
 Sheeran v State,
 
 526 A2d 886 [Del];
 
 Mitchell v United States,
 
 569 A2d 177 [DC];
 
 Lane v State,
 
 388 So 2d 1022 [Fla];
 
 State v Thomas,
 
 810 P2d 668 [Haw App];
 
 State v Wimer,
 
 118 Idaho 732, 800 P2d 128;
 
 McKinney v State,
 
 553 NE2d 860 [Ind];
 
 People v Holt,
 
 91 111 2d 480, 440 NE2d 102;
 
 State v Baldwin,
 
 305 A2d 555 [Me];
 
 Presley v State,
 
 217 Miss 112, 63 So 2d 551; NH Rev Stat Annot ch 625;
 
 State v Schumann,
 
 111 NJ 470, 545 A2d 168;
 
 State v Batdorf
 
 293 NC 486, 238 SE2d 497;
 
 State v Ramirez,
 
 89 NM 635, 556 P2d 43;
 
 State v Khong,
 
 29 Ohio App 3d 19, 502 NE2d 682;
 
 State v Rose,
 
 311 Ore 274, 810 P2d 839; 18 Pa Cons Stat Annot §§ 102, 103;
 
 State v Shatney,
 
 572 A2d 872 [RI];
 
 State v Greene,
 
 86 SD 177, 192 NW2d 712;
 
 State v Beall,
 
 729 SW2d 270 [Tenn Ct App];
 
 State v Svenson,
 
 104 Wash 2d 533, 707 P2d 120;
 
 see also,
 
 ALI Model Penal Code §§ 1.12, 1.13 [9] [e]). Only Utah and California have adopted a rule allowing territorial jurisdiction to be proven on a preponderance of the evidence (Utah Code Annot § 76-1-501 [3];
 
 People v Cavanaugh,
 
 44 Cal 2d 252, 282 P2d 53).