Jose ESTRADA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–03–00238–CR.

Court of Appeals of Texas,
El Paso.

Aug. 26, 2004.

Eduardo N. Lerma, El Paso, for Appellant.

Jaime E. Esparza, District Atty., El Paso, for State.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## MEMORANDUM OPINION

ANN CRAWFORD McCLURE, Justice.

Jose Estrada appeals his conviction for driving while intoxicated. Appellant pled guilty and was sentenced to 180 days in the El Paso Detention Center, suspended to 15 months probation, and a fine of $800, probated to $200. We affirm.

## FACTUAL SUMMARY

Appellant filed a motion to suppress alleging there was no valid warrant, probable cause, or reasonable suspicion for the traffic stop. At the hearing, Appellant announced that he was only challenging probable cause for the stop. The State stipulated that there was no warrant.

The sole witness was Nicholas Varela, an officer from the El Paso Police Department. On the evening of February 23, 2002, Officer Varela observed a green two-door vehicle traveling at a fast rate of speed on Trowbridge towards Howze and heard the engine rev. The officer also saw the vehicle run a red light at the intersection of Chelsea and Trowbridge. Since he was traveling in the opposite direction, Varela made a U-turn and followed the vehicle. For the next half mile, he watched the vehicle weave in and out of its lane. The officer activated his lights five minutes after first observing the vehicle. The car stopped in a business parking lot on Trowbridge. The driver, later identified as Appellant, staggered as he exited the vehicle. When the Appellant identified

himself, the officer smelled alcohol on his breath and noticed Appellant had an unsteady balance, bloodshot eyes, and slurred speech. Defense counsel argued that the State failed to establish there was a ticketable offense justifying the stop.

The trial court denied the motion. Appellant then entered a guilty plea and was sentenced pursuant to the plea agreement. He now appeals the denial of his motion to suppress.

## DENIAL OF MOTION TO SUPPRESS

In his sole point of error, Appellant complains that the trial court abused its discretion in denying his motion to suppress because the trial court lacked conferred jurisdiction.

### Appellant's Arguments

Appellant argues that Officer Varela was never asked whether the events leading up to Appellant's arrest occurred in El Paso County in the State of Texas in order to invoke the court's jurisdiction. Appellant contends that where the arrest occurred was a jurisdictional matter that had to be established in order to confer jurisdiction on the trial court and an essential element of the charge against him which had to be proven at the suppression hearing. He cites *Strong v. State*, 87 S.W.3d 206, 214 (Tex.App.-Dallas 2002, pet. ref'd) for his proposition that he need not have objected.

### Applicable Authority

The question we must address is essentially whether the State is required to present evidence at a pre-trial suppression hearing that the offense occurred in El Paso County, Texas in order to confer jurisdiction upon the trial court to rule on the motion. Appellant cites no authority,

and we find none, which requires the State to prove where the offense occurred before the trial court can rule on a pre-trial motion to suppress.

There are three types of jurisdiction: (1) subject matter jurisdiction, (2) personal jurisdiction, and (3) territorial jurisdiction. See *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App.1981); Tex.Penal Code Ann. § 1.04 (Vernon 2003). Subject matter jurisdiction is conferred on a court by statute or constitution. See *Fairfield*, 610 S.W.2d at 779. Appellant was charged by information with misdemeanor DWI. County courts at law have jurisdiction over misdemeanor offenses. See Tex. Const. art. V, §§ 16, 17; Tex. Gov't Code Ann. §§ 25.0003, 25.0732 (Vernon 2004). Thus, the court had subject matter jurisdiction. Personal jurisdiction is conferred upon the court by the filing of an information. See Tex. Const. art. V, § 12(b); *Ramirez v. State*, 105 S.W.3d 628, 629 (Tex.Crim.App.2003). Here, an information was filed such that the court also had personal jurisdiction.

Therefore, Appellant appears to challenge the court's territorial jurisdiction. Texas has territorial jurisdiction over an offense if "either the conduct or a result that is an element of the offense occurs inside this state." Tex.Penal Code Ann. § 1.04(a)(1). Since he also argues that the State failed to establish that the offense occurred in El Paso County, he in essence is challenging venue as well. Venue refers to the proper county or place of trial; whereas jurisdiction refers to the power of the court to hear the case. *See Ex parte Watson*, 601 S.W.2d 350, 352 (Tex.Crim.App.1980). Whether any conduct has been committed which the State has the power to criminalize and for which it can commence prosecution against the defendant is certainly not commensurate with a question relating solely to the place

within the State where the trial should take place. See *New York v. McLaughlin*, 80 N.Y.2d 466, 591 N.Y.S.2d 966, 606 N.E.2d 1357, 1359 (1992). Most of the states that have considered the issue have concluded that when there is an evidentiary dispute as to whether a crime was committed within the prosecuting state's territorial jurisdiction, the prosecution must prove territorial jurisdiction beyond a reasonable doubt. See *Maryland v. Butler*, 353 Md. 67, 724 A.2d 657, 664 (1999); *McLaughlin*, 606 N.E.2d at 1359–60. But venue is not a criminative fact or a constituent element of the offense, and it need only be proven by a preponderance of the evidence. See Tex.Code Crim.Proc. Ann. art. 13.17 (Vernon 1977); *Edwards v. State*, 427 S.W.2d 629, 634 (Tex.Crim.App. 1968); *Fairfield*, 610 S.W.2d at 779.

Although the only issue that Appellant raised in his motion to suppress was a lack of probable cause for the traffic stop—which he does not challenge on appeal—jurisdiction may be raised for the first time on appeal. See *Ex parte Smith*, 650 S.W.2d 68, 69 (Tex.Crim.App.1981). After the denial of his motion to suppress, Appellant pled guilty. "In a misdemeanor case when a defendant enters a plea of guilty before the court he admits every element of the offense." *Ex parte Martin*, 747 S.W.2d 789, 792 (Tex.Crim.App.1988), citing *Ex parte Clinnard*, 145 Tex.Crim. 460, 169 S.W.2d 181 (1943); *Brown v. State*, 507 S.W.2d 235 (Tex.Crim.App. 1974). In his guilty plea, Appellant stated: "I do now in open court admit all the allegations in the information in this cause and I confess that I committed the offense charged in the information...." The information read as follows:

On or about the 23rd day of February, 2002 and before the filing of this information in said county of El Paso, State of Texas, Jose Estrada, hereinafter re-

ferred to as Defendant, while operating a motor vehicle in a public place, was intoxicated to wit: by not having the normal use of mental and physical faculties by reason of the introduction of alcohol into the body, against the peace and dignity of the State.

Appellant admitted that he committed the offense in El Paso County, Texas when he entered his guilty plea, and the State did not need to present any evidence to prove it. If a defendant enters a guilty plea in a felony case, the State is required to present evidence showing the guilt of the defendant, and the evidence is accepted by the court as the basis for its judgment. Tex.Code Crim.Proc.Ann. art. 1.15 (Vernon Supp.2004–05). There is no similar requirement for misdemeanor guilty pleas.

Accordingly, we overrule the sole point and affirm the judgment of the trial court.