COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOSE ESTRADA,                                               )                  No. 08-03-00238-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                 County Court at Law No. 1
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20020C03699)

MEMORANDUM OPINION

            Jose Estrada appeals his conviction for driving while intoxicated. Appellant pled guilty and
was sentenced to 180 days in the El Paso Detention Center, suspended to 15 months probation, and
a fine of $800, probated to $200. We affirm.
FACTUAL SUMMARY
            Appellant filed a motion to suppress alleging there was no valid warrant, probable cause, or
reasonable suspicion for the traffic stop. At the hearing, Appellant announced that he was only
challenging probable cause for the stop. The State stipulated that there was no warrant. 
            The sole witness was Nicholas Varela, an officer from the El Paso Police Department. On
the evening of February 23, 2002, Officer Varela observed a green two-door vehicle traveling at a
fast rate of speed on Trowbridge towards Howze and heard the engine rev. The officer also saw the
vehicle run a red light at the intersection of Chelsea and Trowbridge. Since he was traveling in the
opposite direction, Varela made a U-turn and followed the vehicle. For the next half mile, he
watched the vehicle weave in and out of its lane. The officer activated his lights five minutes after
first observing the vehicle. The car stopped in a business parking lot on Trowbridge. The driver,
later identified as Appellant, staggered as he exited the vehicle. When the Appellant identified
himself, the officer smelled alcohol on his breath and noticed Appellant had an unsteady balance,
bloodshot eyes, and slurred speech. Defense counsel argued that the State failed to establish there
was a ticketable offense justifying the stop. 
            The trial court denied the motion. Appellant then entered a guilty plea and was sentenced
pursuant to the plea agreement. He now appeals the denial of his motion to suppress.
DENIAL OF MOTION TO SUPPRESS
            In his sole point of error, Appellant complains that the trial court abused its discretion in
denying his motion to suppress because the trial court lacked conferred jurisdiction.
Appellant’s Arguments
            Appellant argues that Officer Varela was never asked whether the events leading up to
Appellant’s arrest occurred in El Paso County in the State of Texas in order to invoke the court’s
jurisdiction. Appellant contends that where the arrest occurred was a jurisdictional matter that had
to be established in order to confer jurisdiction on the trial court and an essential element of the
charge against him which had to be proven at the suppression hearing. He cites Strong v. State, 87
S.W.3d 206, 214 (Tex.App.--Dallas 2002, pet. ref’d) for his proposition that he need not have
objected.
Applicable Authority
            The question we must address is essentially whether the State is required to present evidence
at a pre-trial suppression hearing that the offense occurred in El Paso County, Texas in order to
confer jurisdiction upon the trial court to rule on the motion. Appellant cites no authority, and we
find none, which requires the State to prove where the offense occurred before the trial court can rule
on a pre-trial motion to suppress.
            There are three types of jurisdiction: (1) subject matter jurisdiction, (2) personal jurisdiction,
and (3) territorial jurisdiction. See Fairfield v. State, 610 S.W.2d 771, 779 (Tex.Crim.App. 1981);
Tex.Penal Code Ann. § 1.04 (Vernon 2003). Subject matter jurisdiction is conferred on a court
by statute or constitution. See Fairfield, 610 S.W.2d at 779. Appellant was charged by information
with misdemeanor DWI. County courts at law have jurisdiction over misdemeanor offenses. See
Tex.Const. art. V, §§ 16, 17; Tex.Gov’t Code Ann. §§ 25.003, 25.0732 (Vernon 2004). Thus,
the court had subject matter jurisdiction. Personal jurisdiction is conferred upon the court by the
filing of an information. See Tex.Const. art. V, § 12(b); Ramirez v. State, 105 S.W.3d 628, 629
(Tex.Crim.App. 2003). Here, an information was filed such that the court also had personal
jurisdiction. 
            Therefore, Appellant appears to challenge the court’s territorial jurisdiction. Texas has
territorial jurisdiction over an offense if “either the conduct or a result that is an element of the
offense occurs inside this state.” Tex.Penal Code Ann. § 1.04(a)(1). Since he also argues that the
State failed to establish that the offense occurred in El Paso County, he in essence is challenging
venue as well. Venue refers to the proper county or place of trial; whereas jurisdiction refers to the
power of the court to hear the case. See Ex parte Watson, 601 S.W.2d 350, 352 (Tex.Crim.App.
1980). Whether any conduct has been committed which the State has the power to criminalize and
for which it can commence prosecution against the defendant is certainly not commensurate with a
question relating solely to the place within the State where the trial should take place. See New York
v. McLaughlin, 606 N.E.2d 1357, 1359 (N.Y. 1992). Most of the states that have considered the
issue have concluded that when there is an evidentiary dispute as to whether a crime was committed
within the prosecuting state’s territorial jurisdiction, the prosecution must prove territorial
jurisdiction beyond a reasonable doubt. See Maryland v. Butler, 724 A.2d 657, 664 (Md. 1999);
McLaughlin, 606 N.E.2d at 1359-60. But venue is not a criminative fact or a constituent element
of the offense, and it need only be proven by a preponderance of the evidence. See Tex.Code
Crim.Proc.Ann. art. 13.17 (Vernon 1977); Edwards v. State, 427 S.W.2d 629, 634 (Tex.Crim.App.
1968); Fairfield, 610 S.W.2d at 779.
            Although the only issue that Appellant raised in his motion to suppress was a lack of
probable cause for the traffic stop--which he does not challenge on appeal--jurisdiction may be raised
for the first time on appeal. See Ex parte Smith, 650 S.W.2d 68, 69 (Tex.Crim.App. 1981). After
the denial of his motion to suppress, Appellant pled guilty. “In a misdemeanor case when a
defendant enters a plea of guilty before the court he admits every element of the offense.” Ex parte
Martin, 747 S.W.2d 789, 792 (Tex.Crim.App. 1988), citing Ex parte Clinnard, 169 S.W.2d 181
(Tex.Crim.App. 1943); Brown v. State, 507 S.W.2d 235 (Tex.Crim.App. 1974). In his guilty plea,
Appellant stated: “I do now in open court admit all the allegations in the information in this cause
and I confess that I committed the offense charged in the information . . . .” The information read
as follows: 
On or about the 23rd day of February, 2002 and before the filing of this information
in said county of El Paso, State of Texas, Jose Estrada, hereinafter referred to as
Defendant, while operating a motor vehicle in a public place, was intoxicated to wit:
by not having the normal use of mental and physical faculties by reason of the
introduction of alcohol into the body, against the peace and dignity of the State.

Appellant admitted that he committed the offense in El Paso County, Texas when he entered his
guilty plea, and the State did not need to present any evidence to prove it. If a defendant enters a
guilty plea in a felony case, the State is required to present evidence showing the guilt of the
defendant, and the evidence is accepted by the court as the basis for its judgment. Tex.Code
Crim.Proc.Ann. art. 1.15 (Vernon Supp. 2004-05). There is no similar requirement for
misdemeanor guilty pleas. 
            Accordingly, we overrule the sole point and affirm the judgment of the trial court.


August 26, 2004                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Publish)