# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 4, 2010

139664

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

DANNIE GAYHEART,
          Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139664
COA: 282690
St. Joseph CC: 07-014245-FC

On May 11, 2010, the Court heard oral argument on the application for leave to appeal the July 30, 2009 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*concurring*.)

I concur in the Court's order denying leave to appeal. I write separately to express my agreement with a majority of other states that territorial jurisdiction presents an issue of subject-matter, rather than personal, jurisdiction, which cannot be waived. See *People v Betts*, 34 Cal 4th 1039, 1049 (2005); *State v Willoughby*, 181 Ariz 530, 538, n 7 (1995); *People v McLaughlin*, 80 NY2d 466, 471 (1992); see also LaFave, Criminal Procedure (3d ed), § 16.4(a), n 2, p 830 ("Since territorial jurisdictional limits operate to restrict the subject matter over which the court can exercise authority, they are treated procedurally as presenting issues of subject matter jurisdiction."). Further, I emphasize that the record in this case clearly established that the state of Michigan had territorial jurisdiction to prosecute defendant pursuant to MCL 762.2. After a six-day trial, a jury convicted defendant of both first-degree premeditated murder, MCL 750.316(1)(a), and first-degree felony murder, MCL 750.316(1)(b). The record reveals that the prosecutor presented ample evidence that defendant committed at least one element of each charged offense in Michigan. This evidence, which the jury found persuasive, was more than sufficient to establish territorial jurisdiction under MCL 762.2(1)(a) and (2)(a). Accordingly, I agree with the Court of Appeals that "even though the evidence suggested that the fatal blows

were struck in Indiana, and despite the discovery of the victim's body in Indiana, the trial court had territorial jurisdiction to try defendant for murder under the laws of Michigan." *People v Gayheart*, 285 Mich App 202, 220 (2009).

KELLY, C.J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 4, 2010

_____
Clerk

s0601