# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1263**
**KA 12-00109**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

MARLEK E. HOLMES, DEFENDANT-APPELLANT.

---

MICHAEL STEINBERG, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered December 5, 2011.  The judgment convicted defendant, upon his plea of guilty, of failure to register change of address, failure to personally verify his address, disseminating indecent material to a minor in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon his guilty plea of, inter alia, disseminating indecent material to minors in the first degree (Penal Law § 235.22).  Defendant contends that the indictment is jurisdictionally defective because it accuses him of acts, i.e., sending sexually explicit text messages to a 16-year-old girl, that do not constitute a crime.  According to defendant, the act of sending telephone text messages does not involve the use of "any computer communication system allowing the input, output, examination or transfer, of computer data or computer programs from one computer to another" as required by Penal Law § 235.22 (1).

As a preliminary matter, we agree with defendant that he was not required to preserve his contention for our review, nor is it waived as a result of his guilty plea, inasmuch as it concerns a nonwaivable jurisdictional defect (*see People v Iannone*, 45 NY2d 589, 600-601; *cf. People v Cox*, 275 AD2d 924, 924-925, *lv denied* 95 NY2d 962; *see also People v Case*, 42 NY2d 98, 99).  We conclude, however, that defendant's contention lacks merit.  "The common-law policy that a penal provision should be strictly construed has been expressly abolished by the Legislature" (*People v Teicher*, 52 NY2d 638, 647; *see* Penal Law § 5.00).  Instead, "penal statutes are to be interpreted 'according to the fair import of their terms to promote justice and effect the objects of the law' . . . and are not to be given

hypertechnical or strained interpretations" (*Teicher*, 52 NY2d at 647, quoting § 5.00; *see People v Ditta*, 52 NY2d 657, 660).  The term computer is broadly defined in the Penal Law as "a device or group of devices which, by manipulation of electronic, magnetic, optical or electrochemical impulses, pursuant to a computer program, can automatically perform arithmetic, logical, storage or retrieval operations with or on computer data, and includes any connected or directly related device, equipment or facility which enables such computer to store, retrieve or communicate to or from a person, another computer or another device the results of computer operations, computer programs or computer data" (§ 156.00 [1]).  "Computer data" is defined as "a representation of information, knowledge, facts, concepts or instructions which are being processed, or have been processed in a computer and may be in any form, including magnetic storage media, punch cards, or stored internally in the memory of the computer" (§ 156.00 [3]).

Although the issue whether a telephone is included in the statutory definition of "computer" has not been addressed by an appellate court in this state, in *People v Johnson* (148 Misc 2d 103), the court concluded that it is.  The court reasoned that "[t]he instrumentality at issue here is not merely a telephone . . . , but rather a telephone inextricably linked to a sophisticated computerized communication system . . . This telephone system, of which the telephone itself is the essential first component, does comport with the statutory definition of 'computer' that is, the system is a 'group of devices which, by manipulation of electronic . . . impulses . . . can automatically perform . . . logical, storage or retrieval operations with or on computer data' . . . The system also meets the definitional inclusion of 'any connected or directly related device, equipment or facility which enables such computer to . . . communicate to or from a person' " (*id.* at 106-107).

In light of the foregoing and the fact that the Court of Appeals has approved of constructions of Penal Law § 235.22 that "criminalize the use of any 'sexually explicit *communications*' intended to lure children into sexual contact" (*People v Kozlow*, 8 NY3d 554, 561, quoting *People v Foley*, 94 NY2d 668, 674, *cert denied* 531 US 875), we conclude that sending telephone text messages falls within the conduct proscribed by section 235.22.  Thus, the indictment is not jurisdictionally defective.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court