■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOTUHEL MONTANE, Appellant. [974 NYS2d 257]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered August 23, 2011, convicting him of conspiracy in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Bradshaw*, 18 NY3d 257 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]). As a result of the defendant's valid waiver of his right to appeal, appellate review of his challenge to the Supreme Court's suppression determination is precluded (*see People v Oseni*, 107 AD3d 829 [2013], *lv denied* 21 NY3d 1044 [2013]; *People v Hackett*, 93 AD3d 807 [2012]).

Contrary to the People's contention, the defendant's plea did

not constitute a waiver of his challenge to the territorial jurisdiction of the Supreme Court (*see People v McLaughlin*, 80 NY2d 466, 471 [1992]; *People v Casias*, 303 AD2d 294 [2003]). Nor is appellate review of this issue precluded by the defendant's valid waiver of his right to appeal (*see People v Seaberg*, 74 NY2d 1, 9 [1989]). Nevertheless, the defendant's contention is without merit (*see* CPL 20.20; *People v Artis*, 63 AD3d 1173 [2009]; *Matter of Machado v Donalty*, 107 AD2d 1079 [1985]).

The defendant's valid waiver of his right to appeal also does not preclude appellate review of his claim that counsel's representation was ineffective, which is directed toward the voluntariness of the plea (*see People v Gedin*, 46 AD3d 701 [2007]). Nevertheless, since the colloquy during the plea demonstrates that counsel discharged his obligation to inform the defendant of the immigration consequences of pleading guilty consistent with *Padilla v Kentucky* (559 US 356, 369 [2010]), his contention is without merit.

The defendant's remaining contention is without merit. Rivera, J.P., Balkin, Chambers and Sgroi, JJ., concur.