# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1424**

**KA 11-01211**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

EDWARD HARVEY, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered April 26, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We agree with defendant that the plea colloquy conducted by County Court is factually insufficient to establish territorial jurisdiction. "Because the State only has power to enact and enforce criminal laws within its territorial borders, there can be no criminal offense unless it has territorial jurisdiction" (*People v McLaughlin*, 80 NY2d 466, 471). Contrary to the People's contention, the issue of territorial jurisdiction raised by defendant survives his waiver of the right to appeal (*see People v Montane*, 110 AD3d 1101, 1101-1102, *lv denied* 22 NY3d 1089), does not require preservation (*see People v Holmes*, 101 AD3d 1632, 1633, *lv denied* 21 NY3d 944; *see generally People v Hanley*, 20 NY3d 601, 604-605; *People v Correa*, 15 NY3d 213, 222), and is not waived by his guilty plea (*see Montane*, 110 AD3d at 1102-1103; *People v Casias*, 303 AD2d 294, 294, *lv denied* 100 NY2d 579; *see generally People v Carvajal*, 6 NY3d 305, 312; *McLaughlin*, 80 NY2d at 471).

As a general rule, "for the State to have criminal jurisdiction, either the alleged conduct or some consequence of it must have occurred within the State" (*McLaughlin*, 80 NY2d at 471). Here, although the indictment alleged conduct by defendant that occurred in the State of Ohio and the City of Syracuse, during his plea colloquy

defendant admitted to possessing a weapon in Ohio only; there was no mention during the plea colloquy of possession of a weapon in Syracuse. We conclude that this case is analogous to cases in which the plea colloquy negates an element of the crime to which defendant is pleading guilty, and, thus, we further conclude that, "where[, as here,] the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the [State's power to prosecute the case], . . . the trial court has a duty to inquire further to ensure that [the State has territorial jurisdiction]" (*People v Lopez*, 71 NY2d 662, 666; *see generally Carvajal*, 6 NY3d at 312). Because the court failed to do so, we reverse the judgment of conviction, vacate the plea and remit the matter to County Court for further proceedings on the indictment.

In light of our determination, we need not review defendant's remaining contention.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court