# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-19-00333-CR
_____

### VIRNA CATHERINE FENDER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

_____

**On Appeal from the County Court at Law No. 5**
**Montgomery County, Texas**
**Trial Cause No. 19-338600**

_____

## MEMORANDUM OPINION

Following a bench trial in which she appeared pro se, Virna Catherine Fender was found guilty of the Class B Misdemeanor offense of driving while intoxicated. The trial court sentenced her to 180 days in county jail but suspended the sentence and placed her on community supervision for ten months. In this pro se appeal, Fender raises multiple issues, which can be characterized and grouped as challenges to: (1) the trial court's jurisdiction; (2) the legislature's constitutional ability to enact statutes; (3) the denial of her motion to suppress; (4) the admission of certain

1

testimony at trial; (5) denial of access to the courts; (6) prosecutorial misconduct; and (7) the sufficiency of the evidence.

## I. Background

We initially address procedural matters. Fender failed to raise a claim of indigence and failed to have a reporter's record filed in this case. *See* Tex. R. App. P. 20.2 (outlining procedure for criminal defendant to obtain record without charge). The clerk's record revealed there was a "Finding of Indigent Ineligibility" in May of 2019. Despite an admonishment from this court that the case would be submitted without a reporter's record, Fender failed to make the necessary arrangements to have the reporter's record filed or request a partial reporter's record with a statement of points. *See* Tex. R. App. P. 34.6(b), (c) (outlining responsibility for requesting reporter's record and procedure for requesting a partial reporter's record). The case was submitted with a clerk's record but without a reporter's record. Our recitation of the facts is limited to those gleaned from the clerk's record, specifically, the trial court's findings of fact and conclusions of law on the motion to suppress.[1] *See Vega v. State*, No. 14-08-00572-CR, 2009 WL 1493041, at *1 n.1 (Tex. App.—Houston

---

[1] The clerk's record revealed that Fender filed her initial motion to suppress over six months before trial and her last amended motion to suppress approximately four months before trial. We abated this appeal and remanded the case to the trial court to prepare findings of fact and conclusions of law essential to the motion to suppress.

2

[14th Dist.] May 28, 2009, no pet.) (mem. op., not designated for publication) (explaining that in absence of reporter's record, court used clerk's record for background facts); *see also Menifee v. Chandler*, 09-20-00127-CV, 2020 WL 7756149, at *1 (Tex. App.—Beaumont Dec. 30, 2020, no pet.) (citation omitted) (noting in absence of reporter's record, "our discussion of the background is solely based on the clerk's record").

The trial court's findings of fact are as follows. At approximately 3:19 a.m. on January 27, 2019, Officer Justin Schubert with the Conroe Police Department responded to a 9-1-1 dispatch and found Fender in the driver's seat of her vehicle. Having driven off the road, Fender's vehicle was approximately thirty yards into the woods. When assisting Fender out of the vehicle, Officer Schubert noticed the strong odor of alcohol, Fender's slurred speech, and that Fender was "very unsteady" on her feet. Officer Schubert learned that she was driving home from "The Jailhouse" bar.

Officer Schubert then administered several field sobriety tests to Fender, all revealing multiple signs of intoxication. The officer placed Fender under arrest, read her the DIC-24 statutory warning, and requested a sample of her blood or breath, which she refused to provide. Officer Schubert then obtained a warrant at approximately 5:14 a.m. and took Fender to Conroe Regional Medical Center to

have her blood drawn. Pursuant to the warrant, a registered nurse from that facility performed a DWI blood draw.

Tiffani Parker, a forensic scientist with the Texas Department of Public Safety Crime Laboratory in Houston conducted the blood alcohol analysis, which revealed a blood alcohol content of .196 grams of alcohol per milliliter of blood. The trial court found that Fender, "at the time of driving, had lost the normal use of her mental and physical faculties."

The trial court's conclusions of law were:

1. Officer Schubert had reasonable suspicion that Ms. Fender was intoxicated while driving to justify his investigation, due to the nature of the crash, odor of alcohol in the vehicle, Ms. Fender's unsteady balance and her slurred speech[;]
2. After considering the accident, and other signs of intoxication, including the failure of all three standard field sobriety tests, Officer Schubert had probable cause to arrest Ms. Fender[;]
3. The blood warrant in the case was properly issued and executed[;]
4. Ms. Fender was operating a motor vehicle, in a public place, in Montgomery County, Texas while intoxicated on January 27th 2019[;]
5. The court announced during reading of verdict that all elements had been proven beyond a reasonable doubt.

The State charged Fender with driving while intoxicated, and she pleaded not guilty. During the case's pendency, the clerk's record revealed the State made a *Brady* disclosure regarding a possible defect with the vacutainer tube used to collect Fender's blood sample. The trial court convicted her of driving while intoxicated, sentenced her to 180 days in the county jail, but suspended the sentence and placed her on community supervision for ten months. Fender timely appealed.

4

## II. Issues Not Requiring Reporter's Record

If no reporter's record is filed due to an appellant's fault, after giving an appellant notice and a reasonable opportunity to cure, the court may consider and decide the issues or points that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). This Court notified Fender of the missing reporter's record and advised it would not abate the appeal absent a claim of indigence on her part, which she failed to raise. This Court gave her a reasonable opportunity to cure and admonished her that her failure to do so would result in the case being submitted without the reporter's record.

### A. Jurisdiction

Fender first argues "[t]he jurisdiction of the court may be challenged at any time." While generically citing to the Texas Constitution, she fails to explain whether she contests the trial court's jurisdiction or this Court's jurisdiction. "Subject matter jurisdiction is conferred on a court by statute or by constitution." *Estrada v. State*, 148 S.W.3d 506, 508 (Tex. App.—El Paso 2004, no pet.) (citing *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981)). Moreover, the State has jurisdiction over an offense that a person commits inside this state. *See* Tex. Penal Code Ann. § 1.04(a)(1). The Texas Constitution recognizes the jurisdiction of county courts as provided by law. *See* Tex. Const. art. V, §§ 16, 17. The Texas Government Code provides for county courts at law generally and

5

specifically in Montgomery County to have jurisdiction over criminal cases. *See* Tex. Gov't Code Ann. §§ 25.003, 25.1722. We overrule this issue.

**B. Legislature's Ability to Enact Statutes**

Fender appears to argue that the Texas Constitution was not specifically amended to regulate DWI offenses and blood draws. The Court of Criminal Appeals has explained that the Texas Constitution vests lawmaking authority in the legislature. *Vandyke v. State*, 538 S.W.3d 561, 573 (Tex. Crim. App. 2017). This legislative "power to make, alter, and repeal laws" is limited only by what the Constitution expressly or implicitly prohibits. *Id.* "[T]he legislature possesses the sole authority to establish criminal offenses and prescribe punishments." *Id.* (citing *State ex rel. Smith v. Blackwell*, 500 S.W.2d 97, 104 (Tex. Crim. App. 1973)); *see also Harbin v. State*, 619 S.W.3d 293, 296 (Tex. Crim. App. 2021). To the extent these issues contend that the Texas Constitution has not been amended to make driving while intoxicated a crime, prescribe a punishment, or permit a blood draw, Fender ignores the power vested in the legislature by the Texas Constitution to make, alter, or repeal laws and specifically to establish criminal offenses and prescribe punishments. *See Vandyke*, 538 S.W.3d at 573; *see also Harbin*, 619 S.W.3d at 296. We overrule these issues.

**C. Search Warrant**

Fender complains about the search warrant's validity, because "the necessary oath was not administered before a magistrate." In her motion to suppress, Fender argued that the magistrate was required "to demand that police officers personally appear to swear and sign probable cause affidavit[.]" This argument lacks merit. The Court of Criminal Appeals explained that it "has held for the better part of a hundred years that, before a written statement in support of a search warrant will constitute a 'sworn affidavit,' the necessary oath must be administered 'before' a magistrate *or other qualified officer*." *Clay v. State*, 391 S.W.3d 94, 98–99 (Tex. Crim. App. 2013) (emphasis added); *see also Wheeler v. State*, 616 S.W.3d 858, 864 (Tex. Crim. App. 2021) (explaining requirement that oath be made "before" or in presence of another to convey the solemnity of being truthful). The law does not require affiants to personally appear before the magistrate to swear and sign the affidavit; it may be done before another qualified officer. The clerk's record reveals that Officer Schubert signed a probable cause affidavit, which was sworn before a person authorized to administer the oath, i.e., a "qualified officer." We overrule this issue.

### III. Issues Requiring a Reporter's Record

**A. Law: Reporter's Record and Error Preservation**

The Texas Rules of Appellate Procedure provide that the official or deputy reporter is responsible for preparing, certifying, and timely filing the reporter's

7

record if (1) a notice of appeal has been filed, (2) the appellant requested the reporter's record be prepared, and (3) the party responsible for paying for the preparation of the reporter's record has paid the fee, or has made satisfactory arrangements with the reporter to pay the fee, or is entitled to appeal without paying the fee. *See* Tex. R. App. P. 35.3(b). "It is usually the appealing party's burden to present a record showing properly preserved, reversible error." *Word v. State*, 206 S.W.3d 646, 651 (Tex. Crim. App. 2006).

When a reporter's record is necessary for appellate review and the appellant fails to file the reporter's record, we presume the reporter's record supports the trial court's judgment. *See Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 165 (Tex. App.—Texarkana 2005, no pet.). "[I]f an appellant does not initiate the completion of a record and his issues involve matters omitted from the record due to his failure to request or pay for the record, his actions prevent an appellate court from adequately reviewing his issues and effectively waive his issues." *Collins v. State*, No. 05-18-00498-CR, 2019 WL 2648168, at *2 (Tex. App.—Dallas June 27, 2019, pet. ref'd) (mem. op., not designated for publication) (citing *Kent v. State*, 982 S.W.2d 639, 641 (Tex. App.—Amarillo 1998, pet. ref'd, untimely filed)). Considering Fender's failure to procure and file the reporter's record, we presume the reporter's record supports the trial court's judgment. *See Rittenhouse*, 161 S.W.3d at 165.

Additionally, when presenting an issue for review, an appellant must also follow the rules of error preservation.

> It is well established that, in order to preserve an issue for appeal, a timely objection must be made that states the specific ground of objection, if the specific ground was not apparent from the context. A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection is *obvious* to the court and to opposing counsel. When the objection is not specific, and the legal basis is *not* obvious, it does not serve the purpose of the contemporaneous-objection rule for an appellate court to reach the merits of a forfeitable issue that is essentially raised for the first time on appeal.

*Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (citations omitted); *see also* Tex. R. App. P. 33.1.

Under the current rules, a party who properly designates certain portions of the reporter's record may appeal without a complete record, and we must presume the incomplete record is complete for purposes of the appeal. *See* Tex. R. App. P. 34.6(c)(4); *$4,310 in U.S. Currency v. State*, 133 S.W.3d 828, 829 (Tex. App.— Dallas 2004, no pet.) (noting same). "However, strict compliance with rule 34.6(c) is necessary to activate the presumption that the omitted portions of the record are irrelevant." *$4,310 in U.S. Currency*, 133 S.W.3d at 829 (citing *CMM Grain Co. v. Ozgunduz,* 991 S.W.2d 437, 439–40 (Tex. App.—Fort Worth 1999, no pet.); *Christiansen v. Prezelski,* 782 S.W.2d 842, 843–44 (Tex.1990) (per curiam)). As this Court has previously explained, "[W]e cannot speculate our way to a ruling reversing the trial court's judgment." *Singleton v. State*, 09-18-00381-CR, 2020 WL

9

6295088, at *7 (Tex. App.—Beaumont Oct. 28, 2020, pet. ref'd) (mem. op., not designated for publication). Because Fender neither filed a complete record on appeal nor complied with the partial reporter's record provisions of rule 34.6, we must presume the omitted reporter's record supports the judgment. *See* Tex. R. App. P. 34.6(c)(1); *$4,310 in U.S. Currency*, 133 S.W.3d at 829-30 (citations omitted).

**B. Analysis: Motion to Suppress, Admission of Testimony, Prosecutorial Misconduct, Sufficiency of Evidence**

Fender's remaining challenges including the denial of her motion to suppress, admission of testimony, prosecutorial misconduct, and sufficiency of the evidence required her to present a record showing that she preserved her complaints with a timely objection or harm resulted.

Fender contends that "[w]here the correct ground of exclusion was obvious to the judge no waiver results from a general or imprecise objection." She implies that the general rules of error preservation did not apply because the "specific grounds were apparent from the context." Fender does not identify what specific evidence should have been excluded nor does she cite to any portion of the record in support of her complaint. Absent a reporter's record, we are unable to tell whether she objected, the nature of the objection, or whether she was excused from objecting because the ground of exclusion was apparent from the context. *See* Tex. R. App. P. 33.1; *Buchanan*, 207 S.W.3d at 775.

10

With respect to her motion to suppress, to constitute reversible error, Fender must show that the denial of her motion to suppress was harmful. *See* Tex. R. App. P. 44.2; *Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001). On a motion to suppress, a harm analysis requires an examination of the entire record. *See Tijerina v. State*, 334 S.W.3d 825, 835 (Tex. App.—Amarillo 2011, pet. ref'd). Absent a reporter's record, we cannot conduct a harm analysis. We overrule this issue.

In multiple issues, Fender complains about the admissibility of Officer Schubert's testimony and Parker's testimony. Specifically, she contends the trial court failed to act as a "gatekeeper." "[A]n objection based on an expert's lack of qualifications does not preserve for our review the issue of whether the court erred in denying a proper request for a Rule 705(b) hearing." *Shaw v. State*, 329 S.W.3d 645, 655–56 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Jenkins v. State*, 912 S.W.2d 793, 814 (Tex. Crim. App. 1993)). In the absence of the reporter's record, we are unable to review the witnesses' testimony, determine whether she objected to the testimony at trial, or whether she requested a hearing. *See* Tex. R. Evid. 705(b) (requiring hearing outside jury's presence); *see also Word*, 206 S.W.3d at 652 (noting appellant's burden to present record on appeal showing complaint was preserved). Moreover, we cannot determine whether the admission of such testimony constituted error, or whether such error was harmful. *See Smith v. State*,

290 S.W.3d 368, 375 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (noting that to conduct harm analysis in a non-jury case, appellate court must consider the entire record). We overrule these issues.

In multiple issues, Fender also complains of what she characterizes as "prosecutorial misconduct" and "*Brady* violations."[2] These complaints appear to be centered around the State's evidence presented through experts and Fender's challenge to the blood sample evidence. To preserve a complaint of prosecutorial misconduct, a defendant must: (1) object on specific grounds, (2) request an instruction that the jury disregard the comment, and (3) move for a mistrial. *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995). As with her other issues, Fender failed to provide us any reporter's record showing what evidence was adduced at trial or whether she preserved her complaints. *See Word*, 206 S.W.3d at 657. We overrule these issues.

Fender challenges the sufficiency of the evidence to support the conviction. "In a criminal case, if the statement contains a point complaining that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment." Tex. R. App. P. 34.6(c)(5); *see also McDougal v. State*, 105 S.W.3d 119, 121 (Tex. App.—Fort

---

[2] The clerk's record shows that the State filed an initial and amended *Brady* Disclosure in this case regarding a potentially defective vacutainer more than two months before trial.

12

Worth 2003, pet. ref'd). While the current rules allow the appealing party to present a partial record, Fender did not comply with the rules, nor did she supply a partial reporter's record. *See Amador v. State*, 221 S.W.3d 666, 679 (Tex. Crim. App. 2007) (noting current rules provide for appealing party to present a partial record). As the Court of Criminal Appeals explained in *Rowell v. State*, "In a criminal case in which one of the appellant's stated issues is that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial." 66 S.W.3d 279, 282 (Tex. Crim. App. 2001) (citing Tex. R. App. P. 34.6(c)(5)).

Since no portion of the reporter's record was included on appeal, there is an absence of "all the evidence admitted at the trial." *See Rowell*, 66 S.W.3d at 282. Fender failed to meet her burden to ensure the record is sufficient to resolve the issue presented, and we overrule this issue. *See id.*

Finally, Fender contends she was denied access to the courts, specifically, that her motion to recuse the trial judge was summarily denied. She asserts that "when [a court] ignores all the evidence given by one side[,] and with studied design gives credence to the testimony of the other side, the findings would be arbitrary[.]" She further argues that when a judge's conduct during a case indicates a "high degree of favoritism or antagonism" rendering a fair judgment impossible, the judge should recuse himself.

Without a reporter's record we are unable to determine what evidence Fender offered at trial and whether the trial court ignored that evidence. She also contends the judge's conduct during the case indicated a "high degree of favoritism" for the State, but as with her other arguments, her failure to supply this Court with a reporter's record of the proceedings provides no support for that assertion. Fender failed to meet her burden to supply us with a record showing reversible error. *See Word*, 206 S.W.3d at 657. We overrule this issue.

## IV. Conclusion

Having overruled Fender's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 19, 2021
Opinion Delivered August 11, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.

14