■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATE FULTON, Appellant. [610 NYS2d 109] —Judgment unanimously affirmed. Memorandum: County Court did not err by imposing sentence upon defendant after he was removed from the courtroom. Although a defendant has the right to be present and heard at sentencing (CPL 380.40, 380.50), he forfeits that right by engaging in "obstreperous conduct" *(People v Stroman,* 36 NY2d 939, 940; *see also, People v Herrera,* 160 AD2d 416, *lv denied* 76 NY2d 789). The conduct of defendant at sentencing was sufficiently "obstreperous" to effect a forfeiture of his right to be present.

The contention that defendant's sentence is harsh and excessive is without merit. (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Balio, J. P., Lawton, Doerr, Davis and Boehm, JJ.