OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 An offense committed on board a common carrier may be prosecuted in any county through which the carrier passed during the trip (CPL 20.40 [4] [f]). Does this statute allow de
 
 *555
 
 fendant to be tried in New York County for offenses committed on a commuter train from Westchester to New York County, where it is undisputed that the offenses took place wholly in Westchester? We conclude that New York County was a proper place of trial.
 

 In March 1993, defendant boarded a Metro-North commuter train to New York City in Westchester County. He displayed a weekly pass to the conductor, who, believing it looked suspicious, asked to see the pass again after collecting several other tickets. This time, defendant produced a valid one-way ticket. The conductor, however, asked again for the weekly pass. Defendant complied, and the conductor determined that the pass was a forgery. While still in Westchester County, the conductor seized the pass. Defendant was arrested when the train arrived in New York City.
 

 Defendant was tried without a jury in New York County for criminal possession of a forged instrument in the third degree and theft of services. The parties stipulated during trial that defendant had displayed the forged train pass in Westchester County. At the close of the People’s direct case, defendant moved for a trial order of dismissal on the ground that the People had failed to prove that New York County was the proper venue for trial. The People countered that CPL 20.40 (4) (f) authorized prosecution in New York County. Reserving decision on defendant’s motion, Criminal Court found defendant guilty of the charged offenses.
 

 The court subsequently granted defendant’s motion and set aside the verdict. Relying on
 
 People v Moore
 
 (46 NY2d 1), the court held that CPL 20.40 (4) (f) did not apply, because the county in which the crime was committed could be ascertained. The Appellate Term reversed, reinstated the verdict and remitted for sentencing. We now affirm.
 

 Under our State Constitution and common law, a defendant has the right to be tried in the county where the crime was committed unless the Legislature has provided otherwise (see, NY Const, art I, § 2;
 
 People v Ribowsky,
 
 77 NY2d 284, 291;
 
 People v Hetenyi,
 
 277 App Div 310, 313,
 
 affd
 
 301 NY 757). The burden is on the People to prove at trial either that the county of prosecution is where the crime was committed or that a statutory exception applies. The place of the crime and any other fact relevant to venue, moreover, are questions to be determined by the trier of fact
 
 (People v Ribowsky,
 
 77 NY2d at 291-292;
 
 People v Moore,
 
 46 NY2d 1, 6-7,
 
 supra).
 
 Venue is not
 
 *556
 
 an element of the offense, however, and need only be established by a preponderance of the evidence
 
 (see, People v Tullo,
 
 34 NY2d 712, 714).
 

 Initially, we reject the People’s contention that defendant waived any defect by failing to object to the county of prosecution prior to trial. To be sure, venue issues — which relate only to the proper place of trial, rather than to the power of the court to hear and determine the case — are waivable
 
 (see, People v McLaughlin,
 
 80 NY2d 466). Failure to request a jury charge on venue thus amounts to waiver
 
 (see, People v Moore,
 
 46 NY2d at 7; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 20.40, at 106). Where, however, the appropriate charge is requested, it is improper for the trial court to refuse to submit the factual issue to the jury — even if the defendant does not contradict the People’s proof with respect to venue
 
 (see, People v Moore,
 
 46 NY2d at 7).
 

 Here, by pleading not guilty, defendant triggered the People’s burden of proving that prosecution in New York County was proper, and venue became a question for the trier of fact
 
 (see, id.; People v Hetenyi,
 
 277 App Div at 313-314,
 
 supra).
 
 Since defendant was tried without a jury, it sufficed that he alerted the court at the close of the People’s direct case, prior to its deliberation, to the People’s alleged failure to establish that New York County was the appropriate venue. Indeed, it would be absurd to require defendant to have raised the venue issue, which relates to the People’s lack of proof at trial, prior to the commencement of trial.
 

 The People’s reliance on the statutory provisions governing pretrial motion practice is misplaced. Under those provisions, motions to remove the action pursuant to CPL 170.15 or CPL 230.20 must be made before trial
 
 (see,
 
 CPL 255.10 [1] [e]; CPL 255.20 [1]). CPL 170.15 authorizes a change of venue in a non-felony case on the ground that disposition within a reasonable time is unlikely due to certain specified factors, such as disqualification of all the Judges of the local criminal court
 
 (see,
 
 CPL 170.15 [3] [a], [b]). CPL 230.20 (2) allows change of venue in cases prosecuted by indictment where there is "reasonable cause to believe that a fair and impartial trial cannot be had in such county.” These removal provisions are simply inapplicable to the instant case. Thus, defendant did not waive any defect in venue by failing to object before trial to prosecution
 
 in
 
 New York County.
 

 Turning to the merits, it is undisputed that the offenses were committed in Westchester County, and the sole question
 
 *557
 
 is whether CPL 20.40 (4) (f) authorized prosecution in New York County. That section sets forth the "common carrier exception” to venue:
 

 "An offense committed on board a railroad train, aircraft or omnibus operating as a common carrier may be prosecuted in any county through or over which such common carrier passed during the particular trip, or in any county in which such trip terminated or was scheduled to terminate.”
 

 Since the train on which defendant was a passenger traveled through New York City and the trip also terminated there, the plain language of the statute would seem to allow trial in New York County.
 

 Defendant, however, argues that
 
 People v Moore
 
 (46 NY2d 1,
 
 supra)
 
 limits the common carrier exception to situations where the location of the crime cannot be determined.
 
 Moore
 
 involved the application of paragraph (g) of CPL 20.40 (4). That section addresses venue for prosecuting an offense committed during a trip in a private vehicle and provides:
 

 "An offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip.”
 

 In
 
 Moore,
 
 the defendant drove from Brooklyn to Queens and back to Brooklyn, but the complainant specified that the alleged crimes took place in the car while it was parked in Queens County. This Court held that prosécution in Kings County was improper, concluding that paragraph (g) — the "private vehicle exception” — did not apply where the alleged crime occurred in an ascertainable location. In reaching this conclusion, the Court noted that the purpose of the private vehicle exception was to ensure a forum for prosecution in those cases where it was impossible to determine in what county an offense committed during an automobile trip actually occurred. Where the site of the crime could be identified, however, the statutory exception was unnecessary and, thus, inapplicable
 
 (see,
 
 46 NY2d at 7-8).
 

 Defendant now asks us to extend the same rationale to the common carrier exception. The purpose of the common carrier exception is also to overcome obstacles to prosecution in cases where the location of the offense cannot be precisely determined. Given the similarity between the language and purpose
 
 *558
 
 of the two subdivisions, defendant’s argument is not without merit.
 

 Nevertheless, we decline to extend Moore’s restrictive reading of paragraph (g) to paragraph (f). Our unwillingness to expand the scope of
 
 Moore
 
 is largely due to the absence of any support for such a limitation in the plain, unambiguous language of section 20.40 (4) (f) itself.
 

 There is, moreover, a notable distinction between the private vehicle exception and the common carrier exception. As the Court explained in
 
 Moore,
 
 the private vehicle exception was adopted in 1971 as part of the reformulation of the former Code of Criminal Procedure and "had no counterpart in prior law”
 
 (People v Moore,
 
 46 NY2d at 7-8,
 
 supra).
 
 The common carrier exception, by contrast, has been in existence since 1877
 
 (see,
 
 L 1877, ch 167, § 1), and its history indicates that the venue provision was meant to apply to
 
 all
 
 offenses committed during trips on common carriers, regardless of whether the precise site of the crime could be determined.
 

 The 1877 predecessor to the common carrier exception applied only to offenses committed "in or on board of any railroad train or railroad car making any passage or trip on or over any railroad in this state, or in respect to any portion of the lading or freight of any such railroad train or railroad car” (L 1877, ch 167, § 1). Like CPL 20.40 (4) (f), the statute authorized prosecution "in any county through which, or any part of which, such railroad train or railroad car shall pass, or shall have passed, in the course of the same passage or trip, or in any county where such passage or trip shall terminate or would terminate if completed”
 
 (id.).
 

 Significantly, the 1877 law further specified that indictment, trial, conviction and sentencing could take place "in any such county, in the same manner and with the like effect
 
 as in the county where the offense or crime was committed” (id.
 
 [emphasis added]) — thereby recognizing its application regardless of whether it was possible to identify the county of commission. This Court, moreover, applied the venue statute even where the location of the offense could be ascertained
 
 (see, e.g., People v Dowling,
 
 84 NY 478 [allowing prosecution pursuant to the 1877 law in Schenectady County, notwithstanding the defendant’s argument that the offense took place in Albany County and could only be tried there]).
 

 The substance of the 1877 "railroad exception” was incorporated into the Code of Criminal Procedure, where it was
 
 *559
 
 eventually amended to adapt to new modes of transportation
 
 (see,
 
 Code Grim Pro § 137 [amended L 1938, ch 170]). The current common carrier exception in the CPL simply "restates” the former Code provision (Commn Staff Comment to Proposed CPL 10.40 [4], now CPL 20.40 [4]). Consequently, there is no basis for concluding that the drafters of CPL 20.40 (4) (f) intended to depart from the historical meaning and application of the common carrier exception.
 

 We therefore conclude that the common carrier exception should be applied in accordance with its plain language. Here, that language authorized prosecution of defendant in New York County.
 

 Accordingly, the order of the Appellate Term should be affirmed.
 

 Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed.