■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CURTIS, Appellant. (Appeal No. 1.) [731 NYS2d 828] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was convicted following a jury trial of burglary in the third degree (Penal Law § 140.20), petit larceny (Penal Law § 155.25), and making a punishable false written statement (Penal Law § 210.45). The conviction of making a punishable false written statement arises out of a statement that defendant made to the police in which he denied any involvement in the burglary or larceny. Following a pretrial *Huntley* hearing, County Court found that the statement, although exculpatory in nature, was not admissible as evidence-in-chief on the burglary and larceny charges because it was obtained in violation of defendant's *Miranda* rights, but could be received as evidence of the false statement charge. The written statement was then received in evidence at trial, with the court giving a limiting instruction to the jury concerning the purpose for which the statement was admitted. We agree with defendant

that the statement should not have been admitted at trial as evidence-in-chief that he made a punishable false written statement. Although a statement obtained in violation of a defendant's *Miranda* rights may be used to impeach a defendant who takes the stand and whose testimony is inconsistent with his illegally obtained statement, such a statement is not admissible as evidence-in-chief (*see, Harris v New York*, 401 US 222; *People v Maerling*, 64 NY2d 134, 140). Any prejudice with respect to the burglary and larceny charges, however, was alleviated by the court's limiting instruction, which the jury is presumed to have followed (*see, People v Davis*, 58 NY2d 1102, 1103-1104). Thus, we modify the judgment by reversing the conviction of making a punishable false written statement, vacating the sentence imposed thereon and dismissing count three of the indictment.

Contrary to the further contention of defendant, he was properly sentenced in absentia as a second felony offender. The record establishes that the People filed a predicate felony statement before sentence was imposed, in compliance with CPL 400.21 (2). Before the court could comply with the remaining procedures set forth in CPL 400.21, however, defendant engaged in highly disruptive conduct and, after being warned by the court, was removed from the courtroom. "The conduct of defendant at sentencing was sufficiently 'obstreperous' to effect a forfeiture of his right to be present" (*People v Fulton*, 202 AD2d 1042, *lv denied* 83 NY2d 910; *see also, People v Stroman*, 36 NY2d 939, 940), and the court therefore properly sentenced him in absentia as a second felony offender (*see, People v Hooper*, 133 AD2d 347, 348). (Appeal from Judgment of Livingston County Court, Cicoria, J.—Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Lawton, JJ.