■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CURTIS, Appellant. (Appeal No. 2.) [730 NYS2d 901] —Judgment unanimously affirmed. Memorandum: Defendant failed to move to withdraw his plea of guilty or to vacate the judgment convicting him of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and thus failed to preserve for our review his contention that the plea allocution was factually insufficient to establish a sale of the controlled substance (*see, People v Crooks*, 278 AD2d 931, *lv denied* 96 NY2d 782). Defendant's further contention that the plea colloquy was insufficient to establish that the crime occurred in Livingston County relates to venue rather than "territorial jurisdiction" (*People v McLaughlin*, 80 NY2d 466, 471; *see, People v Greenberg*, 89 NY2d 553, 555-556), and thus

defendant waived that contention by pleading guilty (*see, People v Hansen*, 95 NY2d 227, 230-231). In any event, that contention lacks merit. The record establishes that the crime was committed in a private vehicle during the course of a trip from Monroe County to Livingston County, and prosecution of the offense is authorized "in any county through which such vehicle passed in the course of such trip" (CPL 20.40 [4] [g]). The record does not support defendant's contention that the crime occurred in an ascertainable location and thus that the "private vehicle exception" does not apply (*cf., People v Moore*, 46 NY2d 1, 7-8; *see generally, People v Greenberg, supra*, at 557-558). Contrary to the contention of defendant, he was properly sentenced in absentia as a second felony offender (*see, People v Curtis* [appeal No. 1], 286 AD2d 900 [decided herewith]). (Appeal from Judgment of Livingston County Court, Cicoria, J.—Sodomy, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Lawton, JJ.