■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FARID POPAL, Also Known as JOHN POPAL, Appellant. [879 NYS2d 185]—Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Hanophy, J.), rendered May 9, 2006, convicting him of murder in the second degree, tampering with physical evidence (two counts), and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Hanophy, J.), after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant, after consulting with his trial counsel, knowingly and intelligently waived his right to have the jury consider and determine the issue of whether Queens County was the proper venue for trial (*see People v Greenberg,* 89 NY2d 553, 556 [1997]; *People v McLaughlin,* 80 NY2d 466, 471 [1992]; *People v Thomas,* 273 AD2d 490 [2000]). We have reviewed, however, the defendant's unwaived and properly-preserved contention that the Supreme Court erred in denying his motions, made both prior to the trial and at the conclusion of the People's case, to dismiss the indictment on the ground of improper venue, and conclude that the People proved, by a preponderance of the evidence, that conduct occurred in Queens County sufficient to establish either an element of each offense of which the defendant was convicted or a conspiracy to commit each such offense (*see* CPL 20.40 [1] [a], [b]; *People v McLaughlin,* 80 NY2d at 472; *People v Moore,* 46 NY2d 1, 6 [1978]). The Supreme Court, thus, correctly denied the defendant's motions to dismiss the indictment on this ground.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of each offense of which he was convicted beyond a reasonable doubt. Moreover, while fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant was afforded meaningful representation and, therefore, was not denied the effective assistance of counsel (*see People v Caban,* 5 NY3d 143, 152 [2005]; *People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 146-147 [1981]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Mastro, J.P., Miller, Chambers and Austin, JJ., concur.