■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEONICIO GENAO, Appellant. [41 NYS3d 901]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Shillingford, J.), rendered December 17, 2013, convicting him of course of sexual conduct against a child in the first degree,

course of sexual conduct against a child in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, and endangering the welfare of a child (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Atta*, 126 AD3d 713, 716 [2015]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all of the crimes of which the defendant was convicted was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the testimony of the victim's mother and the victim's former boyfriend was properly admitted to assist in explaining the investigative process and completing the narrative of events leading to the defendant's arrest (*see People v Gross*, 26 NY3d 689, 695 [2016]; *People v Ludwig*, 24 NY3d 221, 231 [2014]).

The defendant's remaining contentions are not preserved for appellate review (*see* CPL 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.