People v Nabi (2018 NY Slip Op 07332)





People v Nabi


2018 NY Slip Op 07332


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-02956
 (Ind. No. 1149/13)

[*1]The People of the State of New York, respondent,
v
Vishwa Nabi, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Merri Turk Lasky, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie Leach, J.), rendered April 2, 2015, convicting him of burglary in the second degree, conspiracy in the fourth degree, possession of burglar's tools, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Steven Paynter, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was convicted of burglary in the second degree, conspiracy in the fourth degree, possession of burglar's tools, and criminal possession of stolen property in the fifth degree following a jury trial in the Supreme Court, Queens County. At trial, the prosecution presented evidence that the police had been monitoring a particular BMW vehicle via a global positioning system device (hereinafter GPS device), which had been installed pursuant to a court order, and that on the day in question, they tracked the BMW from Queens County into New Hyde Park in Nassau County. Officers conducting surveillance observed the two occupants of the car, the defendant and another person, engage in conduct consistent with burglarizing a home. After the BMW drove away, the officers went into the home, which showed signs of forced entry and appeared to have been ransacked. They relayed the apparent burglary to other officers who were monitoring the BMW by GPS. Those officers followed the BMW back to Queens and conducted a traffic stop, during which they observed items that appeared to be proceeds from the burglary and burglar's tools. The defendant and his accomplice were arrested, and items retrieved from the BMW were later identified as having been taken from the home in Nassau County. The defendant appeals from the judgment of conviction.
The Supreme Court held a hearing on that branch of the defendant's omnibus motion which was to suppress physical evidence taken from the BMW and his person because the GPS device was unlawfully installed on the BMW. At the conclusion of the hearing, the court issued a decision from the bench denying that branch of the omnibus motion, and then issued a written order denying that branch of the omnibus motion for the reasons stated on the record. The defendant [*2]contends that the court erroneously denied that branch of his omnibus motion. The People's contention that the defendant lacked standing to challenge the warrant authorizing the installation and use of the GPS device is unpreserved for appellate review, as the People did not raise this ground at the suppression hearing (see People v Hunter, 17 NY3d 725, 726; People v Stith, 69 NY2d 313, 320; cf. People v Concepcion, 17 NY3d 192, 195-196). Nonetheless, contrary to the defendant's contention, the affidavit supporting the application for the warrant to install and use the GPS device was sufficient to support a reasonable belief that evidence of illegal activity would be found if the vehicle were monitored with a GPS device (see People v Wilson, 82 AD3d 797, 798; People v Levy, 65 AD3d 1057, 1057-1058, affd 15 NY3d 510). Accordingly, the warrant was supported by probable cause, and we agree with the court's determination denying that branch of the defendant's omnibus motion which was to suppress physical evidence.
"Under our State Constitution and common law, a defendant has the right to be tried in the county where the crime was committed unless the Legislature has provided otherwise" (People v Greenberg, 89 NY2d 553, 555; see NY Const, art I, § 2; People v Ribowsky, 77 NY2d 284, 291). When a defendant challenges the chosen venue, the People have the burden to prove at trial, by a preponderance of the evidence, either that the county of prosecution is where the crime was committed or that a statutory exception applies (see People v Greenberg, 89 NY2d at 555-556; People v Ribowsky, 77 NY2d at 291-292). The Legislature has provided that a person may be convicted of an offense in a particular county if, among other possibilities, conduct occurred within that county sufficient to establish a conspiracy to commit that offense (see Penal Law § 20.40[1][b]). The Legislature has also provided that a person may be prosecuted for conspiracy in the county in which he or she entered into such conspiracy or in any county in which an overt act in furtherance thereof was committed (see Penal Law § 105.25; People v Ribowsky, 77 NY2d at 292). "Generally, it is for the jury to decide as a matter of fact, the place where the crime was committed or any other fact relevant to venue" (People v Ribowsky, 77 NY2d at 292 [internal citations omitted]; see People v Greenberg, 89 NY2d at 555).
Contrary to the defendant's preserved contention, the People met their burden of establishing, by a preponderance of the evidence, that Queens County was a proper venue for the prosecution of the burglary in the second degree and conspiracy in the fourth degree counts of the indictment. Specifically, the People presented sufficient evidence from which the jury reasonably could infer that the defendant and his accomplice entered into a conspiracy in Queens County to commit a burglary in Nassau County, and that certain acts the defendant and his accomplice committed were taken in Queens County in furtherance of the conspiracy to commit the burglary (cf. People v Douglass, 115 AD3d 1055, 1056-1057; People v Popal, 62 AD3d 912, 913; People v Kellerman, 102 AD2d 629, 631).
The defendant's challenge to the admission of certain testimony is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, all of the challenged testimony was properly admitted to complete the narrative of events leading to the defendant's arrest and explain the course of the police investigation (see People v Hendricks, 161 AD3d 892; People v Genao, 145 AD3d 739, 740; People v Dorcinvil, 122 AD3d 874, 876).
Finally, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). Contrary to the defendant's contention, the sentencing court relied upon the appropriate factors in sentencing him to a higher sentence than that offered during plea negotiations (see People v Prince, 128 AD3d 987, 988; People v Thompson, 125 AD3d 899, 900).
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court