People v Kihinde (2019 NY Slip Op 03812)





People v Kihinde


2019 NY Slip Op 03812


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2010-04846
 (Ind. No. 4727/09)

[*1]The People of the State of New York, respondent,
v
Ronald Kihinde, appellant.


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Lisa E. Fleischmann and James F. Gibbons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered May 14, 2010, convicting him of offering a false instrument for filing in the first degree, forgery in the second degree, falsifying business records in the second degree (five counts), and petit larceny (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with grand larceny in the first degree and offering a false instrument for filing in the first degree, among other crimes. The charges were based on allegations that the defendant was the director of a training program that provided home health aide certificates to improperly trained students, submitted an application to start a home health aide training program containing false information to the New York State Department of Health, and caused certified home health agencies to submit numerous false Medicaid claims. After a trial, the jury acquitted the defendant of the charges of grand larceny in the first, second, and third degrees, and falsifying business records in the first degree, but convicted him of offering a false instrument for filing in the first degree, forgery in the second degree, falsifying business records in the second degree (five counts), and petit larceny (three counts).
"Under our State Constitution and common law, a defendant has the right to be tried in the county where the crime was committed unless the Legislature has provided otherwise" (People v Greenberg, 89 NY2d 553, 555; see People v Ribowsky, 77 NY2d 284, 291; People v Nabi, 165 AD3d 1292, 1293; People v Guzman, 153 AD3d 1273, 1274). However, "venue issues—which relate only to the proper place of trial, rather than to the power of the court to hear and determine the case—are waivable" (People v Greenberg, 89 NY2d at 556; see People v Carvajal, 6 NY3d 305, 312; People v Roulhac, 166 AD3d 1066, 1068; People v Beauvais, 105 AD3d 1081, 1082). In the present case, by failing to timely challenge King's County's geographical jurisdiction or venue, the defendant waived any challenge on that issue (see People v Greenberg, 89 NY2d at 556; People v Roulhac, 166 AD3d at 1068). The defendant's contention that his trial counsel was ineffective for failing to timely challenge the venue of Kings County is without merit, as there can be no deprivation of effective assistance of counsel arising from the failure to make a motion or argument that had little or no chance of success (see People v Ennis, 11 NY3d 403, 415; People v Stultz, 2 NY3d 277, 287; [*2]People v Moss, 138 AD3d 761, 762). Furthermore, viewed in totality, the record demonstrates that the defendant received meaningful representation (see Strickland v Washington, 466 US 668, 694; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The defendant's contention that the Supreme Court's circumstantial evidence charge was inadequate is unpreserved for appellate review (see CPL 470.05[2]; People v Guzman, 138 AD3d 1140) and, in any event, without merit. The court's charge, taken as a whole, conveyed to the jury the correct standard (see People v Medina, 18 NY3d 98, 104).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court