People v Baker (2021 NY Slip Op 00771)





People v Baker


2021 NY Slip Op 00771


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


755/19 KA 17-01097

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TREVIS D. BAKER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHAEL S. DEAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TREVIS D. BAKER, DEFENDANT-APPELLANT PRO SE.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered May 15, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree. The judgment was affirmed by order of this Court entered August 22, 2019 in a memorandum decision (175 AD3d 1113), and defendant on January 21, 2020 was granted leave to appeal to the Court of Appeals from the order of this Court (34 NY3d 1126), and the Court of Appeals on December 15, 2020 reversed the order and remitted the case to this Court for consideration of issues raised but not decided on the appeal to this Court (— NY3d — [Dec. 15, 2020]). 
Now, upon remittitur from the Court of Appeals,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Bisono, — NY3d &mdash, 2020 NY Slip Op 07484 [2020], revg People v Baker, 175 AD3d 1113 [4th Dept 2019]). We previously affirmed a judgment convicting defendant upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). We concluded that defendant validly waived his right to appeal, and that such waiver encompassed his challenge in his main brief to the severity of the sentence and his challenge in his pro se supplemental brief to the geographic jurisdiction of County Court, and encompassed in part his contention in his pro se supplemental brief that he was denied effective assistance of counsel (Baker, 175 AD3d at 1114-1115). We further concluded that, to the extent that his contention that he was deprived of effective assistance of counsel was reviewable on direct appeal, it lacked merit (id. at 1115). The Court of Appeals reversed, stating that, based on the plea colloquy, it could not say that "defendant[] comprehended the nature and consequences of the waiver of appellate rights" (Bisono, — NY3d at &mdash, 2020 NY Slip Op 07484, *2 [internal quotation marks and brackets omitted]). The Court of Appeals remitted the matter to this Court for consideration of the issues raised but not decided on the appeal to this Court.
Upon remittitur, we affirm. The sentence is not unduly harsh or severe. Furthermore, notwithstanding the invalidity of defendant's waiver of the right to appeal, his challenge to the geographic jurisdiction of County Court is actually a challenge to venue (see People v Curtis, 286 AD2d 901, 901-902 [4th Dept 2001], lv denied 97 NY2d 728 [2002]; see generally People v Greenberg, 89 NY2d 553, 555-556 [1997]), which defendant forfeited by pleading guilty (see People v Harris, 182 AD3d 992, 995 [4th Dept 2020], lv denied 35 NY3d 1066 [2020]; People v Gesualdi, 247 AD2d 629, 629 [2d Dept 1998], lv denied 92 NY2d 852 [1998]; see generally People v Williams, 14 NY2d 568, 570 [1964]).
Insofar as defendant's contention that he was denied effective assistance of counsel is before us on remittitur, that contention "does not survive his plea of guilty inasmuch as [t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (People v Goforth, 122 AD3d 1310, 1310 [4th Dept 2014], lv denied 25 NY3d 951 [2015] [internal quotation marks omitted]; see People v Cooper, 136 AD3d 1397, 1398 [4th Dept 2016], lv denied 27 NY3d 1067 [2016]). Defendant's remaining contentions in his pro se supplemental brief alleging ineffective assistance of counsel are not before us on remittitur inasmuch as they were "decided on the appeal to" this Court in our prior decision (Bisono, — NY3d at &mdash, 2020 NY Slip Op 07484, *3).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court