People v Savransky (2022 NY Slip Op 03748)

People v Savransky

2022 NY Slip Op 03748

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2019-09926
 (Ind. No. 1529/17)

[*1]The People of the State of New York, respondent,
v
Mark Savransky, also known as Mark Savran, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered July 18, 2019, convicting him of grand larceny in the second degree (two counts) and scheme to defraud in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Shanks, 37 NY3d 244, 253; People v Thomas, 34 NY3d 545, 566; People v Fahey, 200 AD3d 978, 978-979; People v Brown, 195 AD3d 943, 943; People v Momoh, 192 AD3d 915, 916; People v Howard, 183 AD3d 640, 640). Accordingly, the purported appeal waiver does not limit the scope of this Court's appellate review (see generally People v Batista, 167 AD3d 69, 79).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). The defendant's contention that his sentence violated constitutional prohibitions against cruel and unusual punishment (see US Const Amend VIII; NY Const, art I, § 5) is also without merit (see People v Jones, 39 NY2d 694, 697; People v Miller, 74 AD3d 1097, 1097; People v Clerge, 69 AD3d 955, 955).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]), and we decline to review them in the exercise of our interest of justice jurisdiction (see generally People v Genao, 145 AD3d 739, 740).
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court